UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BLAINE CARR & WANDER CARR                            PLAINTIFFS

v.                                                Civil No. 1:19-cv-00078-GHD-DAS

SELECT PORTFOLIO SERVICING CORP, *et al.*               DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on Defendant Select Portfolio Servicing, Inc.'s motion to dismiss [5] for insufficient service of process under Rule 12(b)(5).

Plaintiffs, proceeding *pro se*, filed their complaint on April 23, 2019. On May 10, 2019, they filed a proof of service. The proof of service stated that Plaintiffs attempted service on SPS by mailing a copy of the summons and complaint via certified mail. A return receipt attached to the proof of service showed that Plaintiffs had addressed the mailing to: Select Portfolio Servicing Co., 3219 Decker Lake Dr., Salt Lake City, UT 84410. Executed Summons at 2 [4].

SPS filed the present motion to dismiss, asserting this attempted service was insufficient under the Federal Rules of Civil Procedure, the Mississippi Rules of Civil Procedure, and the Utah Rules of Civil Procedure. Plaintiffs did not respond to SPS's motion.

The burden of proof is on the Plaintiffs to show that service is valid. *Sys. Signs Supplies v. U.S. Dep't Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990). Plaintiffs do not meet that burden for two reasons. First, they did not respond, and therefore, failed to challenge SPS's arguments. Second, their proof of service, and its attachments, establish that Plaintiffs did not properly serve SPS.

Rule 4 itself does not permit service by mail. Nonetheless, the rule provides that service may be made in accordance with law of the state where this court is located,

1

Mississippi, or the state where service was made, Utah. Fed. R. Civ. P. 4(e)(1) & h(1)(A). Therefore, if Plaintiffs served SPS properly according to either Mississippi or Utah's service of process rules, service was proper here.

Plaintiffs attempted service was ineffective under either state's laws. Mississippi rules provides that "a summon may be served on a person [including a corporation] outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested." Miss. R. Civ. P. 4(c)(5). If service is attempted in this manner, the mailing "must be properly addressed to the person authorized to receive process on behalf of the corporation and actually delivered to that address." *Flagstar Bank, FSB v. Danos*, 46 So. 3d 298, 303 (Miss. 2010). Plaintiffs mailing was not addressed to a person authorized to receive service on behalf of SPS— either its registered agent or one of its officers or directors. *See* Business Entity Records from Mississippi Secretary of State and Utah Secretary of State, Ex. B [5-2]. The mailing was addressed only to the corporation itself. Plaintiff's service was improper under Mississippi law.

Similarly, Utah law allows service upon a corporation by mail so long as "defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(B) . A person named Lee Ann Stanger signed for the delivery. Stanger cannot receive service on behalf of SPS because she is not its registered agent or one its officers or directors. *See* Business Entity Records from Mississippi Secretary of State and Utah Secretary of State, Ex. B [5-2].

In short, Plaintiffs' attempted service by mail was not proper under Mississippi law because it was not addressed to someone able to receive service, and it was not proper under Utah law because the return receipt was not signed by someone able to receive service.

Because Plaintiffs did not make proper service, SPS asks the Court to dismiss them as a defendant. The Court finds that request unwarranted. First, the plaintiff has 90 days from the date of filing of the complaint to serve defendants. Fed. R. Civ. P. 4(m). That deadline,

July 22, 2019, has not yet run. Further when service has not been made within the time required a court "may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Given the short amount of time until that deadline, the Court finds it proper to extend the time to serve SPS for a period of 30 days from July 22, 2019, which is August 21, 2019.

Therefore, the Court grants SPS's motion to the extent that SPS requests a finding that service was improper, but denies it to the request SPS seeks dismissal. Plaintiffs must make an effective service of process on SPS by August 21, 2019, and file a proof of that service with the Court.

An order in accordance with this opinion shall issue.

This, the 15 day of July 2019.

SENIOR U.S. DISTRICT JUDGE